**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOHN WILLIAM RODGERS,

    Petitioner,

v.

CASE NO. 2:10-CV-14134
HONORABLE GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CAROL HOWES,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

John William Rodgers, ("Petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his sentence for third-degree fleeing and eluding, M.C.L.A. 257.602a(3); and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

**I.  Background**

Petitioner pleaded guilty to the above charges in the Jackson County Circuit Court. In exchange for his plea, the prosecutor agreed to dismiss charges of carrying a concealed weapon, felon in possession of a firearm, and possession of a firearm in the commission of a felony. Petitioner was sentenced to four to

1

twenty years in prison, to be served consecutively to his parole violation for a prior delivery of heroin conviction.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Rodgers,* No. 285018 (Mich.Ct.App. May 27, 2008); *lv. den.* 482 Mich. 1034; 757 N.W. 2d 104 (2008)(Kelly, J. would grant leave to appeal). Petitioner then filed a post-conviction motion for relief from judgment, which was denied. *People v. Rodgers,* No. 06-3599-FH (Jackson County Circuit Court, July 22, 2009); *reconsideration den.* October 6, 2009. The Michigan appellate courts denied petitioner's post-conviction appeal. *People v. Rodgers,* No. 295295(Mich.Ct.App. March 17, 2010); *lv. den.* 487 Mich. 856; 784 N.W. 2d 805 (2010).

Petitioner has now filed a petition for writ of habeas corpus. Petitioner seeks habeas relief on the grounds that he has raised in Attachments C and D of his habeas petition. Because some of these claims overlap or are duplicative or contain additional subclaims within the claims, the Court will paraphrase petitioner's claims, rather than recite them verbatim:

> I. Petitioner was wrongly denied sentencing credits for the time spent in jail awaiting sentence.
>
> II. Petitioner was sentenced on the basis of inaccurate information.
>
> III. The trial court erred in sentencing petitioner above the sentencing guidelines range.
>
> IV. Petitioner's sentence was disproportionate.
>
> V. The trial court violated petitioner's Sixth Amendment right to a

jury trial by using factors which had not been proven beyond a reasonable doubt or admitted to by petitioner in fashioning the sentence.

VI. Petitioner was denied the effective assistance of counsel at sentencing.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may

not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010)(internal quotations omitted). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

### III.  Discussion

The Court will discuss petitioner's sentencing claims together because they are interrelated. Petitioner brings various challenges to his sentence. [1]

---

[1] The Court recognizes that respondent only addressed petitioner's sentencing credits claim in his answer. Petitioner, however, is not entitled to habeas relief because of respondent's failure to respond to petitioner's other claims, because to do so "would be tantamount" to granting a default judgment to petitioner in this case, which is a form of relief unavailable in habeas proceedings. *See Alder v. Burt,* 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003)(citing to *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970)); *See also Gordon v. Duran,* 895 F. 2d 610, 612 (9th Cir. 1990)(failure of state to respond to five of eight claims raised in habeas petition did not entitle habeas petitioner to default judgment on those claims). Moreover, in this case, petitioner did not specifically delineate his claims in his petition for writ of habeas corpus, but referred to "Attachment C" and "Attachment D" of his petition, which as this Court mentioned above, contains overlapping and duplicative claims. Because of the confusing manner in which petitioner asserted his claims, the respondent's failure to address petitioner's other claims is understandable.

A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Friday v. Pitcher,* 200 F. Supp. 2d 725, 744 (E.D. Mich. 2002). The offense of third-degree fleeing and eluding is punishable by a sentence of up to five years in prison. Under the fourth felony habitual offender statute, the maximum five year sentence can be enhanced to a sentence of up to life in prison. *See* M.C.L.A. 769.12(1)(a). Petitioner's sentence of four to twenty years was within the statutory maximum for third-degree fleeing and eluding and being a fourth felony habitual offender. A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *Friday,* 200 F. Supp. 2d at 744.

Petitioner initially claims that the trial court erred in refusing to grant him sentencing credit for the time that he spent in jail awaiting sentence. The trial court ruled that petitioner could not receive sentencing credit on his current sentence for the time spent in jail because his current sentence would have to be served consecutively to any prison time that petitioner received for violating the terms of his parole on his prior conviction.

A federal court may grant a writ of habeas corpus only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a). Therefore, violations of state law and procedure which do not infringe specific federal constitutional protections are not

5

cognizable claims under Section 2254. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A prisoner has no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001)(*citing Hansard v. Barrett,* 980 F. 2d 1059, 1062 (6th Cir.1992)). Because petitioner's claim challenges the interpretation and application of state crediting statutes, the claim is noncognizable on federal habeas review. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Grays v. Lafler,* 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008).

Petitioner's related claim that the Michigan courts have violated the separation of powers between the legislative and judicial branches of the State of Michigan by crafting an exception to Michigan's jail credit statute, M.C.L.A. 769.11b, to preclude defendants who commit a crime while on parole from receiving sentencing credits towards their new sentence is not cognizable on habeas review because the inter-branch relations of a state government is a matter of state law. *See Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).

Petitioner next contends that the trial court improperly departed above the sentencing guidelines in this case. Petitioner's sentencing guidelines range for his minimum sentence was 12-48 months. Petitioner's minimum sentence of four years or forty eight months was within the sentencing guidelines range. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock,* 469

Mich. 247, 255, n. 7; 666 N.W. 2d 231 (2003)(citing M.C.L.A 769.34(2)). Because petitioner's minimum sentence was within the sentencing guidelines range, there was no departure.

In any event, petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. at 53; *See also Haskell v. Berghuis,* 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.*

Petitioner also appears to argue that his sentence of four to twenty years in prison was disproportionate to the offense and to the offender.

The United States Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the U.S. Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin*, 501 U.S. at 1001. Therefore, successful

challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Federal courts will therefore generally not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *Friday,* 200 F. Supp. 2d at 744. Petitioner's claim that his sentence is disproportionate under Michigan law thus would not state a claim upon which habeas relief can be granted. *See Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001).

To the extent that petitioner is arguing that the trial court failed to afford him individualized consideration of mitigating evidence on his behalf, this claim fails because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *Alvarado v. Hill,* 252 F. 3d 1066, 1069 (9th Cir. 2001)(*citing to Harmelin,* 501 U.S. at 996). Because petitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

Petitioner further claims that the trial court judge failed to consider petitioner's rehabilitative potential when fashioning his sentence. Petitioner's claim that the trial court failed to consider his rehabilitative potential in fashioning his sentence is non-cognizable on federal habeas review. *See Grays v. Lafler,* 618 F. Supp. 2d at 749. "There is no constitutional principle that prefers

rehabilitation over deterrence and retribution as a goal of sentencing." *Fielding v. LeFevre*, 548 F. 2d 1102, 1108 (2nd Cir. 1977).

Petitioner further alleges that the trial judge erred in failing to recognize that he had the discretion under Michigan law to refrain from applying the habitual offender statute to increase his maximum sentence to twenty years in prison. Petitioner's claim involving the application of Michigan's habitual offender laws is non-cognizable on habeas review, because it involves an application of state law. *See Rodriguez v. Jones,* 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009); *Grays v. Lafler*, 618 F. Supp. 2d at 751.

Petitioner next contends that the trial judge used inaccurate information to fashion his sentence, mistakenly believing that petitioner was on absconder status from his parole at the time of the instant offense. At the time of sentencing, the trial judge indicated that petitioner was on parole status when the fleeing and eluding occurred on January 3, 2006 and had actually absconded on parole. (Tr. 11/15/2007, p. 8). Petitioner denied that he had absconded on parole, noting that he was not supposed to report to his parole officer until January 12th, which was after the offense had occurred. (*Id.* at pp. 8-9). The judge observed that the pre-sentence investigation report stated that petitioner was on absconder status. The judge then asked petitioner: "So you think you were just on parole in good standing with the parole department?" Petitioner replied that he had no parole violations and thought that he was doing

9

well on parole up until the time of the new criminal charge. The judge replied, "Okay, well here's the difference of opinion, they think you're an absconder, you think you're doing well." (*Id.* at p. 9). The judge then proceeded to recount the details of the crime, including the fact that after being stopped by the police, petitioner put the car into drive and lead the police on a high speed chase through the city. The judge noted that petitioner may have been drinking alcohol at the time of the offense. The judge further noted that petitioner had an extensive felony conviction record, consisting of several felony convictions in three different states, which lead to several prison terms. The judge further mentioned that petitioner picked up this new offense while he was on parole. The judge, in fact, commented that "The whole theory of parole is, you're not in any further difficulty and here you are, now you've picked up a new felony and you're dragging along all the rest of this mess as a record, which of course elevates the sentencing guidelines." (*Id.* at p. 10). After taking all of these factors into consideration, the judge sentenced petitioner to 4 to 20 years in prison. (*Id.* at pp. 10-11).

    A criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980) (*quoting United States v. Tucker*, 404 U.S. 443, 447 (1972)); *see Townsend v. Burke*, 334 U.S. at 741 (stating that reliance on "extensively and materially false" information, which the prisoner had no

opportunity to correct, violates due process of law). In order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this information and that it was materially false. *Collins v. Buchkoe*, 493 F. 2d 343, 345-346 (6th Cir. 1974). Where a petitioner fails to demonstrate in his or her petition that the sentencing court relied upon materially false information in imposing sentence, this claim is without merit. *See Thomas v. Foltz*, 654 F. Supp. 105, 108 (E.D. Mich. 1987).

     Petitioner has failed to show that the trial court judge relied on materially false information in fashioning his sentence. Although the trial judge mentioned that petitioner was a parole absconder, petitioner was given an opportunity to refute this allegation. Moreover, when viewed in context, the trial judge's comments at sentencing shows that the reference to petitioner's absconder status was brought up as part of the trial judge's larger observation that petitioner had violated the terms of his parole by picking up this new offense. Moreover, the trial judge also noted the serious nature of the fleeing and eluding charge as well as petitioner's extensive prior criminal record. Because there was an ample basis for the trial judge to sentence petitioner to four to twenty years even absent the reference to the absconder status, petitioner is not entitled to habeas relief on this claim. *See Vliet v. Renico*,193 F. Supp. 2d 1010, 1015 (E.D.Mich. 2002).

Petitioner's related claim that the trial judge failed to correct his pre-sentence report to remove the reference to his parole absconder status is also non-cognizable on habeas review. There is no federal constitutional right to a pre-sentence investigation and report. *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001)(internal citation omitted). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Id.*

Petitioner further appears to allege that the trial court judge violated his Sixth Amendment right to a trial by jury by using factors that had not been submitted to a jury and proven beyond a reasonable doubt when scoring his sentencing guidelines.

In *Blakely v. Washington*, 542 U.S. 296 (2004), the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing *Apprendi v. N.J.*, 530 U.S. 466, 490 (2000)).

Petitioner is not entitled to habeas relief on his claim. *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence within a minimum and maximum sentence. *See People v. Claypool*, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (Mich. 2004);

12

*People v. Drohan*, 475 Mich. 140, 160-61, 715 N.W.2d 778 (Mich. 2006)(both citing M.C.L.A. 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely*, create a range within which the trial court must set a minimum sentence." *Drohan*, 475 Mich. at 161. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (Mich. 2003) (citing M.C.L.A. 769.34(2)). Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool*, 470 Mich. at 730. Therefore, Michigan's indeterminate sentencing scheme is unaffected by the U.S. Supreme Court's holding in *Blakely*. *Drohan*, 475 Mich. at 164.

     The holding in *Blakely* is inapplicable to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *Blakely*, 542 U.S. at 304-05, 308-09. The Supreme Court clarified this in *Cunningham v. California*, 549 U.S. 270 (2007), when the Supreme Court explained that states may retain determinate sentencing by requiring the jury "to find any fact necessary to the imposition of an elevated sentence" or by allowing judges "to exercise broad discretion . . . within a statutory range, which everyone agrees, encounters no Sixth Amendment shoal." *Id.* at 294. (*quoting United States v. Booker*, 543 U.S. 220, 233 (2005)); *See also Harris v. United States*, 536 U.S. 545, 565

13

(2002)("[w]hether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt" and the judge "may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those [grand and petit] juries-and without contradicting *Apprendi*."), and *Id.* at 569-70 (Breyer, J., concurring)(agreeing that "*Apprendi* does not apply to mandatory minimums.").

The holdings in *Apprendi* and *Blakely* therefore do not apply to a judge's factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009); *See also Montes v. Trombley,* 599 F.3d 490, 495 (6th Cir. 2010)(the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing). As noted by the Sixth Circuit, "[T]he Sixth Amendment gives a criminal defendant the right to have a jury find any fact that increases the *maximum* sentence the defendant faces, not any fact that increases the *minimum* sentence." *Arias v. Hudson*, 589 F.3d 315, 317 (6th Cir. 2009)(citing

*McMillan v. Pennsylvania*, 477 U.S. 79 (1986))(emphasis original). Indeed, "[B]y clarifying that minimum sentences fall outside *Apprendi's* scope, *Harris* forecloses [petitioner's] claim." *Chontos,* 585 F. 3d at 1002. The Sixth Amendment jury trial right merely "ensure[s] that the defendant 'will never get more punishment than he bargained for when he did the crime'"; it does "not promise that he will receive 'anything less' than that." *Id.* (*quoting Harris*, 536 U.S. at 566 (*quoting Apprendi*, 530 U.S. at 498)(Scalia, J., concurring)).

When petitioner violated the third-degree fleeing and eluding and fourth felony habitual offender statues, he bargained that if a jury found him guilty, that he could face up to life in prison. Therefore, "regardless of the ways that judicial factfinding and Michigan's guidelines affected his minimum sentence," petitioner "got no more than he bargained for." *Chontos,* 585 F.3d 1002. Because Michigan's sentencing laws create an indeterminate-sentencing scheme, it does not violate petitioner's due-process rights or his right to a jury trial. *Montes,* 599 F. 3d at 497. Petitioner is not entitled to habeas relief on any *Blakely* claim. *Id., See also Haskell,* 695 F. Supp. 2d at 599.

Petitioner lastly contends that his trial counsel was ineffective for failing to object to some of the sentencing errors that he raises in his habeas petition.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances,

15

counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, the defendant must show that such performance prejudiced his defense. *Id.*

Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context with regards to reviewing federal convictions on direct appeal. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988). However, the AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *Miller v. Straub,* 299 F. 3d 570, 578-579 (6th Cir. 2002). The Ninth Circuit has noted, "[W]hen the Supreme Court established the test for ineffective assistance of counsel claims in *Strickland*, the [Supreme] Court expressly declined to 'consider the role of counsel in an ordinary sentencing, which ... may require a different approach to the definition of constitutionally effective assistance.'" *Cooper-Smith v. Palmateer*, 397 F. 3d 1236, 1244 & n. 39 (9th Cir. 2005)(*quoting Strickland,* 466 U.S. at 686; 104 S. Ct. at 2064). Because the Supreme Court has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context, there is no clearly established federal law regarding ineffective assistance of counsel claims in noncapital sentencing

cases, so as to provide petitioner with a basis for habeas relief on his claim. *Id., See also Davis v. Grigas,* 443 F. 3d 1155, 1158 (9th Cir. 2006).

Assuming that *Strickland* applies to petitioner's ineffective assistance of counsel claim, he is not entitled to relief. Petitioner raised his various sentencing claims before the state courts either on his direct appeal or in his post-conviction motion for relief from judgment. The state courts rejected his sentencing claims on both occasions. When the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." *See Hammond v. Hall,* 586 F.3d 1289, 1340 (11th Cir. 2009).

In light of the fact that the petitioner's sentencing claims were rejected by the Michigan courts on either his direct appeal or his post-conviction proceedings, petitioner cannot show that he was prejudiced by trial counsel's failure to object to these alleged sentencing errors. *See Myers v. Ludwick*, No. 2009 WL 4581693, * 3 (E.D. Mich. December 3, 2009). If "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F. 3d 310, 322 (6th Cir. 2004). Because petitioner has offered no

evidence to show that the state trial court judge would have been inclined to impose a lesser sentence or that the Michigan appellate courts were inclined to reverse his sentence, petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to raise objections to his sentencing. *See Spencer v. Booker*, 254 Fed. Appx. 520, 525-26 (6th Cir. 2007).

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a

certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated: June 7, 2011

           S/George Caram Steeh
           GEORGE CARAM STEEH
           UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 7, 2011, by electronic and/or ordinary mail and also to John Rodgers at Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

S/Josephine Chaffee
Deputy Clerk